ANNIE FREEMAN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    October 4, 1938. — May 25, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Negligence*, Street railway: station.

Evidence merely that a uniformed worker in a street railway station, in reply to an inquiry by a passenger as to where she could get a car to a certain destination, pointed and stated, "There is your car coming now," did not warrant a finding that he was indicating the place where the car would stop or was directing her to walk toward it, or that negligence on his part caused an injury which she received when, walking toward the car and stopping near the track, she was struck by the overhang of the car as it rounded a curve.

TORT. Writ in the Superior Court dated June 27, 1935. A verdict for the defendant was ordered by *Greenhalge, J.*

*J. A. Daly*, for the plaintiff.
*C. S. Walkup, Jr.*, for the defendant.

DOLAN, J. This is an action of tort to recover compensation for personal injuries. The case was tried to a jury. At the close of the evidence the judge allowed the motion of the defendant for a directed verdict, subject to the plaintiff's exception to the allowance of the motion and to the direction of the verdict for the defendant. The

parties have stipulated that, if the judge's action was correct, judgment is to be entered for the defendant, but, if it was error, judgment is to be entered for the plaintiff in the sum of $1,000.

There was evidence which in its aspect most favorable to the plaintiff tended to show the following facts: On Sunday, April 28, 1935, the plaintiff entered the defendant's surface station on Causeway Street, in Boston. In the station certain cars come out of the subway on the lower tracks. There is a switch point beyond the subway where two lines branch, one for cars going to Charlestown and the other for cars "to go back to the subway around . . . [a] loop." The cars that have come out of the subway and have gone around the loop stop on the straightaway on the Canal Street side of the station, where passengers are discharged on the right and others are admitted from the left of the cars. On the day of the accident two types of cars were being operated on this route, the overhang of each being twenty-four and a half inches on a straight course, increasing on the loop to five feet, two and one half inches.

The plaintiff paid her fare at a booth and inquired of the attendant there in charge where she could get a car for Park Street. The attendant pointed straight ahead. The plaintiff passed through the turnstile and, instead of going straight ahead, turned to the left and walked by the back of a fruit store shown on a plan which is a part of the record. She then inquired of one of the defendant's agents, a warder, who wore a uniform and occupied a booth opposite the loop, "where she could get a car for Park Street." Pointing diagonally to the left of a car coming out of the subway, he said; "There is your car coming now." At that time the car was on "straight rail." The plaintiff walked toward the moving car and stopped near the curved part of the tracks, about five feet from the nearer rail. She was not familiar with the station and did not notice any precautionary or directory signs. She knew that there is an overhang on electric cars run on the rails and had that fact in mind as she saw the car coming in. She

did not think there would be more of an overhang on the loop than there would be on straight tracks. She believed the car was going to stop where she was standing. "The car was going rather slow, about five or seven miles an hour, and . . . did not stop. . . . [The plaintiff] went to step back and the rear end of the car hit her and threw her against the booth."

The plaintiff rightly does not argue that the operator of the car was negligent but contends that when she asked the warder "where to get a car for Park Street, it . . . should have been obvious to him that she was a stranger"; that it was his duty to direct her clearly and correctly; that when he pointed tô the car coming out of the subway and said "there is your car coming now," he should have known that she would go in the direction in which he pointed; that he gave her a positive misdirection; that the car did not stop where he pointed, and that she was "caused . . . to get into a position of danger" and was injured as a result of his conduct.

We think, however, that the action of the warder in pointing to the approaching car accompanied by his statement "there is your car coming now," would not warrant a finding that he was thus indicating the point at which the car would stop or directing the plaintiff to walk toward the car, which was in motion, or a finding that his conduct was negligent.

In accordance with the stipulation of the parties, judgment is to be entered on the verdict.

*So ordered.*